BENET, PLAINTIFF AND RESPONDENT, *v.* HERNÁNDEZ, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Mayagüez in a Matter of Attachment.

No. 1200.—Decided April 17, 1915.

ATTACHMENT—JURISDICTION OF MARSHAL—PROPERTY IN ANOTHER DISTRICT.—A marshal has no right to attach property outside of his own district under a writ of attachment to secure the effectiveness of the judgment, for his au-

thority is limited by the law of his appointment to the judicial district for which he is appointed.

JURISDICTION OF MARSHAL.—There being a marshal for each judicial district, there is no conflict as to the jurisdiction of each.

ID.—The action of a marshal in executing a writ of attachment outside of his own district is void.

ID.—WAIVER.—Execution of process which is void because made by a marshal without jurisdiction can be attacked at any time and the mere silence or inaction of the defendant does not waive his rights.

ID.—RECORD OF ATTACHMENT.—Although the writ of attachment is valid, if the execution of it by the marshal is void because he acted without jurisdiction, the recording of the attachment in the registry of property should have been denied it being void also.

The facts are stated in the opinion.

The appellant appeared by brief *pro se.*

The respondent appeared *pro se.*

.MR.. JUSTICE WOLF delivered the opinion of the court.

This is an appeal from the District Court of Mayagüez.

The plaintiff filed a complaint against the defendant in the District Court of Mayagüez and at the same time made a motion for an attachment to secure the effectiveness of the judgment. The court sustained the motion upon the plaintiff's giving proper bond and ordered that the marshal attach sufficient property of the defendant to secure the effectiveness of the judgment, whereupon the secretary issued the corresponding writ of attachment to the marshal. Then the plaintiff notified the marshal in writing that the attachment should be levied on the following properties of the defendant situated in the municipal district of Manatí:

"A rural property called Sabana Seca, situated in the ward of Coto of the municipal district of Manatí, composed of 179 *cuerdas,* as described in the transcript of the record.

"A rural property without name situated in the ward of Coto of the municipal district of Manatí, composed of 100 *cuerdas, as* described in the transcript of the record."

The marshal levied the attachment on the said properties and served the same personally on the defendant, who resides in the city of Mayagüez, within the jurisdiction of the district court which granted the writ of attachment, and the

marshal also delivered to the attorney for the plaintiff the necessary papers for recording the attachment in the proper registry of property. The plaintiff presented the said papers in the Registry of Property of Arecibo for the purpose of recording said attachment. The registrar admitted the same to record, but pointed out the existence of a simple error of description of the property and, as the marshal had duly returned the writ showing that the attachment had been levied, the plaintiff moved the District Court of Mayagüez to authorize the marshal to correct the error. On March 27, 1913, the court sustained the motion and entered an order authorizing the marshal to issue a notice to the Registrar of Property of Arecibo in the form necessary to correct the error in the description of the property attached. The marshal did so from the data given him by the plaintiff and the plaintiff caused the error to be corrected in the books of the registry, the attachment being then recorded without any defect.

On August 7, 1914, or seventeen months after the attachment had been recorded and the order entered by the court had been duly served on the defendant, the defendant filed a motion in the district court praying that the court dissolve the attachment on the ground that the Marshal of the District Court of Mayagüez had no authority to attach property in another district or to issue a notice to the Registrar of Property of Arecibo for the purpose of recording the same. The motion was overruled by the court and an order entered to that effect. Later the defendant moved that the court reconsider its said order, citing certain jurisprudence, and as the court also overruled the motion to reconsider, the defendant appealed from the original order overruling the motion to dissolve the attachment and from the order overruling the motion for reconsideration, and the consideration of these is now before this court.

We agree with the respondent that the court properly issued the order to attach property of the defendant to secure the effectiveness of a judgment. The order was unquestion-

ably a valid one and the marshal had the right to proceed thereunder, but it does not follow that the marshal, under this order, had the right to attach property outside of his own district. Plainly he had not. His authority is, by the law of his appointment, limited to the judicial district for which he is appointed. There is a marshal for each of the judicial districts and there is no conflict in the jurisdiction of each. The authority given by the Legislature does not extend beyond the geographical limits of the district. To suppose that one marshal may go into the jurisdiction of another to execute judicial process of any kind would cause a great confusion. Responsibility for the process of his district is placed upon him. The written law is even more specific.

Section 245 of the Code of Civil Procedure provides:

"Where the execution is against the property of the judgment debtor, it may be issued to the marshal of any district in the Island. Where it requires the delivery of real or personal property, it must be issued to the marshal of the district where the property, or some part thereof, is situated. Execution may be issued at the same time to different districts."

And section 4 of the Act of March 10, 1904 (Acts of 1904, page 112), says:

"SECTION 4.—*Services and execution of process.*—When process or notices are returnable to another district, he may inclose such process or notice in an envelope, addressed to the officer from whom the same emanated, and deposit it in the post-office, prepaying postage."

*Expressio unius est exclusio alterius.* The law has provided ample machinery for the execution of judicial process in another district, and the same reasoning applies to an order for the effectiveness of a judgment as well as for any other kind of process. This view becomes more apparent when it is remembered that the ultimate step in an attachment is the sale of the property attached. The marshal must make the sale.

As we hold that the action of the marshal in personally

executing a writ in another district was void, it makes no difference that the defendant delayed seventeen months in asking for the annulment of the marshal's action. An absolutely void process can be attacked at any time and the mere silence or inaction of the defendant does not waive his rights. Nor are his rights affected by the fact that the term in which the original order was made had long since expired. The original order of the District Court of Mayagüez stands, but the action of the marshal in attaching property outside of his district being void, it follows naturally that the record of the same in the Registry of Arecibo was likewise void, and the registrar should have refused to record the same. The order of the court correcting the description was likewise void.

In accordance with the foregoing reasoning, the order of the District Court of Mayagüez in refusing to annul the attachment made by the marshal must be reversed, the attachment annulled and the order of the court of March 27, 1913, modifying the description in the Registry of Arecibo, likewise annulled, without prejudice to the right of any one interested to take such steps as he may be advised to secure the annulment of the record of the attachment.

<i>Orders reversed and attachment vacated.</i>

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.